IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE MCVICKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-140J |
| | ) | District Judge Kim R. Gibson |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| GREGORY BRIGGS, *Warden*, JOHN CARON, *Deputy Warden*, TONI MARONOWSKI, *Lieutenant*, and BRIAN PELESKY, *Deputy Warden*, | ) ) ) ) | Re: ECF Nos. 41 and 47 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Jamie McVicker ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 based on allegations that the conditions of his confinement at Somerset County Jail violated his Eighth and Fourteenth Amendment rights. ECF No. 6.

Presently before the Court are Plaintiff's Motion to Amend Complaint ("Motion to Amend") and Motion for Supplemental Pleadings. ECF Nos. 41 and 47. For the following reasons, the Motions are granted.

I.   **PROCEDURAL HISTORY**

Plaintiff began this lawsuit on July 21, 2020 by filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), together with a proposed Complaint. ECF No. 1. The Court granted Plaintiff's IFP Motion on August 4, 2020, and the operative Complaint was filed on the same date. ECF Nos. 5 and 6. In his Complaint, Plaintiff asserted four claims arising out of the conditions of his confinement at Somerset County Jail from (1) February 27, 2017 to August 1,

2018; and (2) November 27, 2019 to December 9, 2019, and he also alleged that he was retaliated against for raising those concerns. ECF No. 6.

Defendants moved to dismiss Plaintiff's Complaint. ECF No. 21. The undersigned submitted a Report and Recommendation as to the Motion to Dismiss on July 9, 2021, recommending that certain claims be dismissed. ECF No. 36. Defendants then filed objections to the Report and Recommendation, and Plaintiff filed a response to those objections in which he incorporated the instant Motion to Amend. ECF No. 37; ECF No. 39 at 11.

Upon consideration of the filings, United States District Judge Kim R. Gibson granted in part and denied in part Defendants' Motion to Dismiss on September 28, 2021, dismissing Counts II, III and IV of Plaintiff's Complaint with prejudice. ECF No. 40. Based on this ruling, Plaintiff's only remaining claim is Count I, which arises out of allegations that prison officials at Somerset County Jail violated his Eighth and Fourteenth Amendment rights due to unsanitary conditions caused by malfunctioning toilets at Somerset County Jail. Id.

The Court also ordered that Plaintiff's Motion to Amend be docketed as a separate motion for consideration. Id. The Motion to Amend was then re-docketed at ECF No. 41. Defendants filed a Brief in Opposition to the Motion to Amend on October 18, 2021. ECF No. 45.

While Plaintiff's Motion to Amend was pending, Plaintiff filed the instant Motion for Supplemental Pleadings, in which he additionally asked to incorporate three exhibits to his Complaint. ECF No. 47.

To date, Defendants have not filed an Answer to Plaintiff's Complaint, and no discovery has taken place.[1]

---

[1] The Court granted Defendants' request for leave to file their responsive pleading after the Court rules on the instant Motion to Amend. ECF Nos. 43 and 44.

**II.      PLAINTIFF'S MOTIONS**

In support of the Motion to Amend, Plaintiff requests leave to correct certain factual errors that Defendants identified in their objections to the Report and Recommendation. ECF No. 41 at 4. In particular, Defendants noted that certain letters Plaintiff received from John Hargreaves ("Hargreaves") of the Pennsylvania Prison Society did not, as Plaintiff claimed, indicate that Warden Gregory Briggs ("Briggs") informed Hargreaves that "all internal issues would be fixed." ECF No. 37 at 4 (citing ECF No. 6-2 at 4, 6).

Plaintiff now seeks to amend paragraphs 17, 26 and 27 of his Complaint to correct his allegations regarding when Warden Gregory Briggs ("Briggs") indicated all internal problems at Somerset County Jail would be fixed. *Compare* ECF No. 6 ¶¶ 17, 26 and 27 *with* ECF No. 41 at 12-13 ¶¶ 1, 2 and 3.[2] He also requests leave to amend paragraphs 86 and 89 of his Complaint to incorporate allegations regarding Plaintiff's specific role, and Defendant Brian Pelesky's involvement in, cleaning waste associated with the malfunctioning toilets. *Compare* ECF No. 6 ¶¶ 86 and 89 *with* ECF No. 41 at 13 ¶¶ 5 and 6.

Plaintiff also requests leave to add Warden Dennis Vought ("Vought") as a defendant to this action. ECF No. 41 at 13 ¶ 4. Plaintiff seeks to add Vought because he is currently the Warden of Somerset County Jail and "because of the Injunctive Relief requested." Id.

In his later-filed Motion for Supplemental Pleadings, Plaintiff also requests to incorporate as exhibits (1) an August 16, 2021 letter from Hargreaves regarding his conversation with Briggs; and (2) affidavits from two inmates formerly incarcerated at the Somerset County Jail, Erik Von Stidsen ("Von Stidsen") and Christopher R. Kearns ("Kearns"), regarding the conditions of confinement. ECF No. 47.

---

[2] Plaintiff includes multiple series of numbered paragraphs in the document filed at ECF No. 41. For clarity, the Court refers to both the page and paragraph numbers.

**III.   DEFENDANTS' BRIEF IN OPPOSITION**

In their Brief in Opposition to the Motion to Amend, Defendants argue that Plaintiff's Motion to Amend appears to be calculated to avoid the Court granting Defendants' Motion to Dismiss, which would have resulted in the dismissal of this lawsuit.  ECF No. 45 at 6.  Because the Court has since ruled on Defendants' Motion to Dismiss, they argue, his request to amend is moot.  Id.  Defendants also argue that Plaintiff proposes to amend paragraphs that include factual allegations as to claims no longer at issue.  Id.  To the extent he seeks to add details regarding plumbing issues, Defendants argue there is no need to incorporate those specific allegations into his Complaint.  Id.

As to Vought, Defendants argue that he has been the warden at Somerset County Jail since April 2019, and he was in this position during Plaintiff's second incarceration at this facility.  Id. at 6-7.  Because Plaintiff could have, but did not, name Vought in his original Complaint, Defendants argue this belated Motion to Amend should be denied.  Id. at 7.  Defendants also argue that Plaintiff's request for injunctive relief is improper.  Id.

**IV.   DISCUSSION**

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely grant leave when justice so requires."  "[M]otions to amend pleadings should be liberally granted," and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust."  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).  "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility."  Arthur, 434 F.3d at 204.  Unless the opposing party will be prejudiced, however,

4

leave to amend should generally be permitted.  <u>Charpentier v. Godsil</u>, 937 F.2d 859, 864 (3d Cir. 1991).

Upon review, Plaintiff's Motions are granted, solely as to the amendment of Count I.  Leave to amend should be freely granted, and there are no indicia that allowing Plaintiff to amend would be unjust.  Based on the record, the Court does not find that Plaintiff is acting with undue delay or in bad faith.  Plaintiff's proposed amendments primarily relate to correcting factual errors that Defendants recently identified and incorporating newly received or amended exhibits.  Even if Plaintiff arguably could have known of Vought's alleged involvement when he filed his original Complaint, the Court notes that Plaintiff is proceeding *pro se*, and this case is still at a preliminary stage.  Given that Defendants have yet to file any responsive pleading or to conduct discovery, allowing Plaintiff to amend his Complaint at this time will not unduly prejudice Defendants.

Although Defendants argue that Plaintiff's proposed amendments are unnecessary and irrelevant, the Court disagrees.  As discussed, Plaintiff primarily requests to correct factual errors that Defendants have identified, and those allegations relate, in part, to whether Briggs agreed to resolve issues relevant to Count I.  Plaintiff also proposes to add Vought, who was the Warden during Plaintiff's second incarceration at Somerset County Jail, and he is currently the Warden.  At this juncture, the Court cannot conclude that any claim against Vought clearly would be futile.  For these reasons, the Motions are granted.

AND NOW, this 19th day of January 2022, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend, ECF No. 41, and Motion for Supplemental Pleadings, ECF No. 47, are GRANTED.  Plaintiff may file a First Amended Complaint, relative to Count I, on or before February 4, 2022, incorporating the proposed changes and exhibits set forth in his Motions.

Plaintiff is advised that his amended complaint must be complete in and of itself; he should not incorporate by reference any portions of his prior complaint. Plaintiff must include all necessary components of his pleading, including his claim, factual allegations, and parties, in the amended version of his complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Jamie McVicker
NM-1576
SCI Houtzdale
209 Institution Drive
Houtzdale, PA 16698-1000

All counsel of record via CM/ECF.