IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE MCVICKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-140J |
| | ) | District Judge Kim R. Gibson |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| GREGORY BRIGGS, JOHN CARON, TONI MARONOWSKI, BRIAN PELESKY, and DENNIS VOUGHT, | ) ) ) | Re: ECF No. 79 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

Plaintiff Jamie McVicker ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 based on allegations that the conditions of his confinement at Somerset County Jail violated his Eighth and Fourteenth Amendment rights as a pretrial detainee. ECF No. 50. His failure to protect claim is based on alleged inadequate sanitation conditions at the Somerset County Jail. Id.

Presently before the Court is Plaintiff's Motion to Compel Discovery. ECF No. 79. Defendants have filed a Response in Opposition to Plaintiff's Motion to Compel Discovery. ECF No. 81. The motion is now ripe for consideration.

In the Motion to Compel, Plaintiff states that he has served multiple discovery requests to which Defendants have not timely responded. ECF No. 79 at 1-3. As a result, Plaintiff has been required to send meet and confer letters, file motions to compel, and move to extend the discovery deadline. Id. Plaintiff argues that Defendants have not acted in good faith, and his attempts to resolve these issues have placed an excessive financial burden on him as an indigent inmate. Id.

at 3.  He requests that Court to compel Defendants to comply with the Federal Rules of Civil Procedure.  Id. at 4.  Plaintiff also requests the Court to sanction Defendants and require them to reimburse him for the financial costs related to the ongoing delays.  Id.

In response, Defendants argue that they have responded to the discovery requests, so there is nothing for the Court to compel.  ECF No. 81 ¶¶ 2-5.  Defendants do not dispute they repeatedly failed to respond in a timely manner.

Upon review, Plaintiff does not specifically identify the discovery requests to which responses are due but have not yet been provided.  As such, there is nothing for the Court to compel.  Because Defendants have not violated any discovery orders, sanctions are not warranted under Federal Rule of Civil Procedure 37.  See Fed. R. Civ. P. 37(b).  For these reasons, the Court denies the Motion to Compel.  However, the Court reminds Defendants of their obligation to provide timely discovery responses under the Federal Rules of Civil Procedure.

Accordingly, for the reasons set forth herein, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery, ECF No. 79, is denied.

To the extent that Plaintiff can specifically identify the discovery requests that have not been responded to, he may file a second motion to compel.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights

DATED: August 23, 2022         BY THE COURT:

                                              */s/ Maureen P. Kelly*
                                              MAUREEN P. KELLY
                                              UNITED STATES MAGISTRATE JUDGE

cc:      Honorable Kim R. Gibson,
         United States District Judge

         Jamie McVicker
         NM-1576
         SCI Houtzdale
         209 Institution Drive
         Houtzdale, PA 16698-1000

         All counsel of record via CM/ECF